# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN M. ANDRADE,<br><br>　　　　　　　　　　　　Plaintiff,<br>　v.<br>WACHOVIA MORTGAGE, FSB f/k/a<br>WORLD SAVINGS BANK;<br>WASHINGTON MUTUAL BROKERAGE<br>HOLDINGS, INC.; and DOES 1-100,<br>inclusive,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 09 CV 0377 JM (WMc)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Doc. No. 6 |

Pending before the court is a motion by Defendant Wachovia Mortgage, FSB ("Wachovia," formerly, World Savings Bank) to dismiss Plaintiff's Complaint (Doc. No. 1, Exh. A, "Compl.") under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 6, "Mot.") To date, Plaintiff has neither filed an opposition nor sought additional time to do so. When an opposing party does not file papers in the manner required by Civ.L.R. 7.1(d)(2), the court may deem the failure to "constitute a consent to the granting of a motion or other request for ruling by the court." Civ.L.R. 7.1(f)(3)(c). Notwithstanding Plaintiff's failure to respond, the court reviews the motion on the merits to ensure dismissal is appropriate. Pursuant to Civ.L.R. 7.1(d), the matter was taken under submission by the court without oral argument on April 17, 2009. For the reasons set forth below, the motion to dismiss is granted with 20 days leave to amend from the date of entry of this order.

//

## I. BACKGROUND

On August 3, 2004, Plaintiff obtained a home mortgage loan from Wachovia through which she refinanced and consolidated two existing loans she had with Wachovia. (Compl. ¶ 12.) The loan was secured by a Deed of Trust on Plaintiff's property. (Id. ¶ 17; Req. for Jud. Not., Exh. 3.) Plaintiff later defaulted on the loan, leading to the initiation of foreclosure proceedings. (Compl. ¶¶ 11, 15, 20.) The present status of any pending or completed foreclosure sale is unclear from the parties' submissions.[1] Plaintiff alleges that although Defendants knew she could not afford the mortgage payments, they induced her to sign the loan documents through inadequate disclosures, misrepresentations about her ability to pay, and promises of readily available refinancing options. (Compl. ¶¶ 13, 22, 57.)

Plaintiff asserts federal causes of action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"). Plaintiff also raises state law claims to quiet title and for fraud, negligent infliction of emotional distress, negligence, and cancellation based on fraud and impossibility. Plaintiff seeks injunctive relief (labeled as a "first cause of action"), damages, attorneys' fees and costs, and rescission.

## II. DISCUSSION

### A. Legal Standards

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the pleadings. De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978). In evaluating the motion, the court must construe the pleadings in the light most favorable to the plaintiff, accepting as true all material allegations in the complaint and any reasonable inferences drawn therefrom. See, e.g., Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003). While Rule 12(b)(6) dismissal is proper only in "extraordinary" cases, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level...." U.S. v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981); Bell Atlantic Corp. v. Twombly,

---

[1] Plaintiff also asserts she obtained a Home Equity Line of Credit on April 2006 from Defendant Washington Mutual. Although the court infers Plaintiff defaulted on both the mortgage loan and the HELOC, Plaintiff does not indicate which default led to the initiation of foreclosure proceedings or which Defendants are pursuing foreclosure.

1  127 S.Ct. 1955, 1965 (2007) (allegations must provide "plausible grounds to infer" that plaintiff is
2  entitled to relief). The court should grant 12(b)(6) relief only if the complaint lacks either a
3  "cognizable legal theory" or facts sufficient to support a cognizable legal theory. <u>Balistreri v. Pacifica</u>
4  <u>Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). In testing the complaint's legal adequacy, the court
5  may consider material properly submitted as part of the complaint or subject to judicial notice. <u>Swartz</u>
6  <u>v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007). Furthermore, under the "incorporation by
7  reference" doctrine, the court may consider documents "whose contents are alleged in a complaint and
8  whose authenticity no party questions, but which are not physically attached to the [plaintiff's]
9  pleading." <u>Janas v. McCracken (In re Silicon Graphics Inc. Sec. Litig.)</u>, 183 F.3d 970, 986 (9th Cir.
10 1999) (internal quotation marks omitted).[2]

11 **B. Analysis of Plaintiff's State Law Claims**

12 *1. Statutes of Limitations*

13 Wachovia argues Plaintiff's state law claims should be dismissed because the governing
14 statutes of limitations expired before she filed her Complaint.[3] Specifically, Wachovia contends
15 Plaintiff's claims are subject to two-, three-, or four-year limitations periods, yet she filed her
16 Complaint more than four years after her loan with Wachovia closed. Wachovia insists Plaintiff's
17 causes of action accrued at the time the loan closed in August 2004. However, Plaintiff's allegations
18 deal with misrepresentations about the terms of the loans and the availability of future refinancings
19 which may have not been evident at the time the loan was made. From the record before the court,
20 it is unclear when Plaintiff became aware (or should have been aware) of Defendants' alleged
21 wrongful conduct. Thus, the court is unable to determine when her causes of action may have accrued
22 and cannot grant Wachovia's motion on these grounds.

23 *2. Preemption of State Law Claims*

24 Wachovia, a federally chartered savings bank, contends all of Plaintiff's state law claims are
25 preempted by the Home Owners' Loan Act of 1933, 12 U.S.C. § 1461 *et seq.* ("HOLA"), and the

---

27 [2]To this end, the court may consider the Deed of Trust provided by Wachovia in their Request for Judicial Notice. (Doc. No. 6-2, Exh. 1.)

28 [3]Wachovia includes Plaintiff's "claim" for injunctive relief in its analysis of the applicable state statutes. However, the court analyzes Plaintiff's request for injunctive relief separately below.

regulations issued thereunder by the Office of Thrift Supervision ("OTS"), because the factual underpinnings of Plaintiff's state law claims fall within HOLA's preemptive scope.

Under HOLA, OTS enjoys "plenary and exclusive authority...to regulate all aspects of the operations of Federal savings associations" and its authority "occupies the entire field of lending regulation for federal savings associations." 12 C.F.R. §§ 545.2, 560.2(a). The Ninth Circuit agreed, characterizing the enabling statute and subsequent agency regulations as "so pervasive as to leave no room for state regulatory control." Conference of Fed. Sav. & Loan Ass'ns v. Stein, 604 F.2d 1256, 1260 (9th Cir. 1979), aff'd, 445 U.S. 921.

In elaborating on the reach of HOLA, the Supreme Court held, "A savings and loan's mortgage lending practices are a critical aspect of its 'operation'...." Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 167 (1982). To this end, OTS Regulation 560.2(b) expressly preempts state regulation of federal thrift activities dealing with, *inter alia*, terms of credit, loan-related fees, servicing fees, disclosure and advertising, loan processing, loan origination, and servicing of mortgages. 12 C.F.R. § 560.2(b). In analyzing preemption, then, "the first step will be to determine whether the type of law in question is listed in paragraph (b)." Silvas, 514 F.3d at 1005. If so, the state law is preempted. Id. Even state laws of general applicability, such as tort, contract, and real property laws, are preempted if their enforcement would impact thrifts in areas listed in § 560.2(b). Id. at 1006; 12 C.F.R. § 560.2(c). Alternatively, such laws are preempted if they have more than an incidental effect on the lending operations of a federal savings association. 12 C.F.R. §§ 560.2(c); OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996).[4]

In support of her state law claims, Plaintiff alleges Defendants "knew or should have known...it was not possible for Plaintiff, based on Plaintiff's actual ability to pay, to pay the loans," and that Plaintiff was induced to sign the loan documents by "Defendants' [false] representations both express and implied that the loans were viable and that Plaintiff could in fact make the payments," and their "suppressions and concealments, failure to counsel, failure to inform and explain, charging excessive,

---

[4] State laws which do not affect lending practices might include tax statutes or zoning ordinances. See de la Cuesta, 458 U.S. at 172 (O'Connor, J., concurring) (noting HOLA's language does not suggest "Congress intended to permit [OTS] to displace local laws, such as tax statutes and zoning ordinances, not directly related to savings and loan practices.").

unconscionable fees, and preparing false financial statements." (Compl. ¶¶ 22, 35.) Plaintiff contends that, as a result, Defendants "fabricated and submitted falsified loan application documents" including "defective Deeds of Trust." (Compl. ¶¶ 70, 73.)

Plaintiff seeks relief under state tort, contract, and real property laws of general applicability which do not explicitly regulate lending activities. However, she asks the court to apply the laws to regulate conduct which is expressly preempted by 12 C.F.R. § 560.2(b). Plaintiff's allegations revolve entirely around the "processing, origination, [and] servicing" of the Plaintiff's mortgage, including the "terms of credit" offered, the "loan-related fees" charged, and the adequacy of disclosures made by Defendants in soliciting and settling the loan. 12 C.F.R. § 560.2(b)(4), (9), (10). Because the state laws on which Plaintiff relies, as applied, would regulate lending activities expressly contemplated by the § 560.2(b), the claims are preempted. See Silvas v. E*Trade Mortgage Corp., 514 F.3d 1001, 1006 (9th Cir. 2008) (holding California's Unfair Competition Law, as applied, was preempted because the underlying allegations dealt with misrepresentations in disclosures and advertising).

In sum, the court finds preemption of Plaintiff's state law claims alone warrants their dismissal. Nevertheless, the court evaluates Wachovia's motion as to each state law claim below.

*3. Fraud Claim*

Wachovia argues Plaintiff's fraud claim must be dismissed because it has not been pled with particularity as required by Federal Rule of Civil Procedure 9(b). The court agrees.

To state a claim for fraud, Plaintiff must allege (1) a false representation of a material fact, (2) knowledge of the falsity, (3) intent to induce another into relying on the representation, (4) reliance on the representation, and (5) resulting damage. Ach v. Finkelstein, 264 Cal.App.2d 667, 674 (1968). Allegations of fraud must include the time, place, and specific content of each false representation, as well as the "role of each defendant in [the] scheme." See Miscellaneous Serv. Workers, Drivers & Helpers v. Philco-Ford Corp., 661 F.2d 776, 782 (9th Cir. 1981); Lancaster Com. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991).

Although Plaintiff sprinkles her Complaint with relevant legal jargon, she fails to identify the who, what, where, when and how of the alleged fraudulent conduct. For example, Plaintiff alleges, "Defendants...made the representations with the intent to deceive and to defraud Plaintiff and to

1  induce Plaintiff to act in reliance on these representations...." but references no specific facts in
2  support.  (Compl. ¶¶ 23-24.)  Plaintiff has not identified any particular statements or
3  misrepresentations, much less linked them to specific defendants.  Thus, Plaintiff's fraud claim fails
4  to meet the pleading standards and the court grants Wachovia's motion to dismiss.

5  *4. Claims for Negligence and Negligent Infliction of Emotional Distress*

6  "Negligent infliction of emotional distress is not an independent tort; it is the tort of negligence
7  to which the traditional elements of duty, breach of duty, causation, and damages apply."  Ess v.
8  Eskaton Properties, Inc., 97 Cal.App.4th 120, 126 (2002)(citing Marlene F. v Affiliated Psychiatric
9  Med. Clinic, Inc., 48 Cal.3d 583, 588 (1989)).  For both causes of action, then, a plaintiff must allege
10 a valid legal duty owed by the defendants.  Here, Plaintiff argues Defendants, as "reputable
11 institutional Mortgage Lenders," owed her a "duty to exercise due care," and in particular, a "duty to
12 exercise reasonable care and skill in performing their duties" for her benefit.  (Compl. ¶¶ 29, 34.)
13 Generally, barring an assumption of duty or a special relationship, "financial institutions owe no duty
14 of care to a borrower when the institution's involvement in the loan transaction does not exceed the
15 scope of its conventional role as a mere lender of money."  Nymark v. Heart Fed. Sav. & Loan Ass'n,
16 231 Cal.App.3d 1089, 1096 (1991). Although California law imposes a fiduciary duty on a mortgage
17 *broker* who is retained as the borrower's agent, no such duty is imposed on a lender.  UMET Trust
18 v. Santa Monica Med. Inv. Co., 140 Cal.App.3d 864, 872-73 (1983); Price v. Wells Fargo Bank, 213
19 Cal.App.3d 465, 476 (1989)(citing Downey v. Humphreys, 102 Cal.App.2d 323, 332 (1951))("'A debt
20 is not a trust and there is not a fiduciary relation between debtor and creditor as such.'  The same
21 principle should apply with even greater clarity to the relationship between a bank and its loan
22 customers.").  Plaintiff has failed to allege Wachovia' owes her any duty imposed by law on or
23 assumed by Wachovia.  Thus, Wachovia's motion to dismiss Plaintiff's claims for negligence and
24 negligent infliction is granted.

25 *5. Claim for Cancellation of Deed of Trust Based on Fraud and Impossibility*

26 Plaintiff offers that, because Defendants "fabricated and submitted falsified loan documents"
27 and because Plaintiff "lacked ability to perform the loan," the loan contracts and Promissory Notes
28 are null and void. (Compl. ¶ 70.) Consequently, Plaintiff asks the court to cancel the Deeds of Trust,

essentially seeking another mechanism for rescission. While fraudulent loan documents might provide grounds for loan cancellation, as stated above, Plaintiff's Complaint fails to state a claim for fraud. Further, Plaintiff's inability to perform the obligations to which she agreed, without more, does not provide a basis for cancellation of the loan. Finally, in an action for rescission or cancellation of instruments, a complainant is required to do equity "by restoring to the defendant any value the plaintiff received from the transaction. The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." Fleming v. Kagan, 189 Cal.App.2d 791, 796-97 (1961). As Plaintiff has not alleged she is prepared to return the loan proceeds to Wachovia, she fails to state a claim for cancellation of the loan documents. Wachovia's motion to dismiss Plaintiff's claim for cancellation is granted.

*6. Quiet Title Claim*

Plaintiff seeks to quiet title in the property as against each defendant, and argues any "foreclosure of the Subject Property is wrongful and should be voided by virtue of Defendants' fraudulent conduct...and by reason of the defective Deeds of Trust...." (Compl. ¶ 73.) To adequately allege a cause of action to quiet title, a plaintiff's pleadings must be verified and include a description of "[t]he title of the plaintiff as to which a determination...is sought and the basis of the title..." and "[t]he adverse claims to the title of the plaintiff against which a determination is sought." Cal. Code Civ. Proc. § 761.020. A plaintiff is required to name the "specific adverse claims" which form the basis of the property dispute. See Cal. Code Civ. Proc. § 761.020, cmt. at ¶ 3. Here, Plaintiff has not identified her own ownership interest in the property or even whether she still has legal title to it. Plaintiff has not shown any Defendants have made adverse claims against the property. Furthermore, Plaintiff's Complaint is unsworn and unverified. The court therefore grants the motion to dismiss on the quiet title claim.

**C. Analysis of Plaintiff's Federal Claims**

*1. RICO Claim*

Plaintiff asserts Defendants have committed violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. Wachovia argues this claim must be dismissed because Plaintiff has not adequately pled the existence of an "enterprise."

"To state a claim under 18 U.S.C. § 1962(c), a plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" Odom v. Microsoft Corp., 486 F.3d 541, 547 (9th Cir. 2007)(quoting Sedima, S.P.R.L. v. Imprex Co., 473 U.S. 479, 496 (1985). To properly plead an "enterprise" for RICO purposes, Plaintiff must allege facts showing a common or shared purpose, continuity of structure or personnel, and a recognizable structure separate from a pattern of conduct. See U.S. v. Turkette, 452 U.S. 576, 683 (1981). Furthermore, where mail or wire fraud is alleged as the underlying conduct, such fraud must be pled with particularity which "requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Fed.R.Civ.P. 9(b) ("In all averments of fraud..., the circumstances constituting fraud...shall be stated with particularity"); Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1400 (9th Cir. 1986)(citations omitted).

Here, Plaintiff alleges Defendants conspired "with each other to obtain monies from Plaintiff," induced Plaintiff into signing false loan documents, promissory notes, and deeds of trust, "engaged in unlawful business practices and false and predatory lending practices," "failed to orally disclose the terms of the transactions," and employed mail and wire fraud in furtherance of the conspiracy. (Compl. ¶¶ 41, 44.) Plaintiff also contends Defendants engaged in prohibited activities under random RICO statutory sections, including corrupt influence of a juror or officer of the court, and obstruction of criminal investigations and state or local law enforcement. (Compl. ¶ 43.) In conclusory fashion, Plaintiff offers that Defendants "shared a common purpose" and were "an enterprise" which engaged in "a pattern of racketeering activity." (Compl. ¶¶ 44, 46.) Mere citations to the statutory sections which define these elements are insufficient to meet the pleading standards for a RICO claim. In addition, Plaintiff has alleged literally no facts to support the underlying mail and wire fraud allegations. Because Plaintiff has failed to state a RICO claim, Wachovia's motion to dismiss is granted.

### 2. *TILA and RESPA Claims*

Plaintiff alleges Defendants failed to provide her with the required early Disclosure Statement under TILA's implementing regulation, 12 C.F.R. § 226 ("Regulation Z"), and did not properly disclose material loan terms, including applicable finance charges, interest rate, and total payments

as required by 15 U.S.C. § 1632. (Compl. ¶¶ 56-57.) Plaintiff seeks rescission of the mortgage loan as well as damages and attorneys' fees. (Compl. at ¶ 60, p. 14.)

Plaintiff's request for damages relating to improper disclosures under TILA is subject to a one-year statute of limitations, typically running from the date of loan execution. See 15 U.S.C. §1640(e) (any claim under this provision must be made "within one year from the date of the occurrence of the violation."). Plaintiff alleges the loan closed on August 3, 2004. (Compl. at ¶ 12.) The instant suit was not filed until October 27, 2008, over four years later. (Compl. Summons.) Plaintiff has not demonstrated any entitlement to equitable tolling. See King v. California, 784 F.2d 910, 915 (9th Cir. 1986).

Defendants also argue Plaintiff's request for rescission pursuant to 15 U.S.C. § 1635 is time-barred by TILA's three-year statute of limitations. 15 U.S.C. § 1635(f). Not only is this observation correct, but Plaintiff's claim is fundamentally flawed because the right to rescission under TILA does not extend to a "residential mortgage transaction" or subsequent refinancing or loan consolidation. See 15 U.S.C. § 1635(e)(1)-(2).

In her RESPA claim, Plaintiff alleges Defendants violated section 8(a), 12 U.S.C. § 2607(a), by giving and accepting improper fees or kickbacks, by "driving up settlement costs, by failing to disclose business relationships between service providers, by failing to properly follow notice of transfer provisions, [and] by failing to properly inform Plaintiff about all closing costs." (Compl. at ¶ 66.) As Wachovia observes, Plaintiff faces yet another procedural bar – her section 8 claim is precluded by the applicable one-year statute of limitations under 12 U.S.C. § 2614.

Wachovia's motion to dismiss is granted as to Plaintiff's TILA and RESPA claims.

*3. Claim for Injunctive Relief*

Plaintiff seeks injunctive relief to forestall any foreclosure sale but does not offer a particular supporting cause of action. A request for injunctive relief by itself does not state a cause of action and is properly brought before the court as a separate motion. Shamsian v. Atl. Richfield Co., 107 Cal.App.4th 967, 984-85 (2003). Even if the court were to construe this request as derivative of all other alleged causes of action, Plaintiff would still bear the burden of showing: (1) a combination of probable success and the possibility of irreparable harm, or (2) serious questions and the balance of

1 hardship tips in her favor. <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F.2d 935, 937 (9th Cir. 1987).
2 Under either formulation, Plaintiff must demonstrate a "fair chance of success on the merits" and a
3 "significant threat of irreparable injury." <u>Id.</u> As the discussion above outlines, Plaintiff has made no
4 such showing and is not entitled to injunctive relief based on her pleadings.

**III.  CONCLUSION**

For the reasons set forth above, Wachovia's motion to dismiss (Doc. No. 6) is **GRANTED** as to all claims.  In particular, as to Defendant Wachovia, Plaintiff's fraud, negligent infliction of emotional distress, negligence, TILA, RESPA, cancellation, and quiet title claims are **DISMISSED** with prejudice and Plaintiff's RICO claim is **DISMISSED** without prejudice.  Plaintiff is granted 20 days leave from the date of entry of this order to file a First Amended Complaint.

**IT IS SO ORDERED.**

DATED: April 21, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge